IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SHANNON BROWN, | § § | |
| *Plaintiff,* | § § § | SA-22-CV-00349-OLG |
| vs. | § § | |
| DEFENSE COMMISSARY AGENCY, REDA MOXLEY, | § § § § | |
| *Defendants.* | § § | |

**ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [#1] and proposed Complaint. This case was automatically referred to the undersigned upon filing for disposition of Plaintiff's motion to proceed *in forma pauperis* (IFP).

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[1] *See* 28 U.S.C. § 1914(a). When faced with a request to proceed IFP, courts must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The district court exercises discretion in determining whether to extend the privilege of IFP status to plaintiffs who are unable to pay filing fees. *Wickerham v. Waterman*, No. SA-14-CA-766-XR, 2014 WL 5469816, at *4 (W.D. Tex. Oct. 28, 2014) (citing *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969)). In doing so, the Court must examine the demand on

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status. *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

plaintiff's financial resources, including whether her expenses are discretionary or mandatory. *Prows*, 842 F.2d at 140. Although one need not be absolutely destitute to enjoy the benefit of IFP status, an application to proceed IFP is only sufficient if it indicates that the plaintiff truly cannot, because of poverty, afford to pay for the costs of litigation and still provide for herself and her dependents. *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Plaintiff's motion to proceed IFP indicates that she has monthly expenses in the amount of approximately $1,015. Yet Plaintiff does not identify any source of income, whether gifts or unemployment benefits or disability payments. Nor does Plaintiff provide the Court with her employment status. Plaintiff indicates that the balance in her bank account is zero and that she has no asserts or debts. Based on this information it appears that Plaintiff would likely qualify for IFP status, but the Court requires additional information to confirm her entitlement to proceed without paying court costs.

Therefore, the Court will order Plaintiff to supplement her IFP motion with an additional affidavit describing <u>the amount of any monthly income she receives (including unemployment benefits)</u>. If Plaintiff fails to provide the Court with the requested supplementation, her motion to proceed IFP will be denied and she will be required to pay the filing fee to proceed with this case.

**IT IS THEREFORE ORDERED** that Plaintiff file the described supplementation, sworn as true and correct under penalty of perjury, on or before **April 27, 2022**.

SIGNED this 14th day of April, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE