IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SHANNON BROWN, | § | |
| *Plaintiff,* | § § § | SA-22-CV-00349-OLG |
| vs. | § § | |
| DEFENSE COMMISSARY AGENCY, REDA MOXLEY, | § § § | |
| *Defendants.* | § § | |

**REPORT AND RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable Chief United States District Judge Orlando L. Garcia:**

This Report and Recommendation and Order concerns Plaintiff's Motion to Proceed *In Forma Pauperis* [#1] and the Court's review of the pleadings pursuant to 28 U.S.C. § 1915(e). This case was automatically referred to the undersigned upon filing for disposition of Plaintiff's motion to proceed *in forma pauperis* (IFP). The undersigned has authority to enter this recommendation under Section 1915(e) pursuant to 28 U.S.C. § 636(b)(1)(B) and authority to enter this Order on Plaintiff's Motion to Proceed *In Forma Pauperis* under 28 U.S.C. § 636(b)(1)(A). Having reviewed Plaintiff's motion, proposed Complaint, and More Definite Statement, the undersigned will grant Plaintiff's motion to proceed IFP and order service of Plaintiff's Complaint on her employer[1] but will also recommend that Defendant Reda Moxley be dismissed from this lawsuit under Section 1915(e).

---

[1] The undersigned construes Plaintiff's claims asserted against Defendant Defense Commissary Agency as against the Secretary of the Department of Defense. *See infra.*

1

## I.  Analysis

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[2]  *See* 28 U.S.C. § 1914(a).  When faced with a request to proceed IFP, courts must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship.  *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).  The district court exercises discretion in determining whether to extend the privilege of IFP status to plaintiffs who are unable to pay filing fees.  *Wickerham v. Waterman*, No. SA-14-CA-766-XR, 2014 WL 5469816, at *4 (W.D. Tex. Oct. 28, 2014) (citing *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969)).  In doing so, the Court must examine the demand on plaintiff's financial resources, including whether her expenses are discretionary or mandatory.  *Prows*, 842 F.2d at 140.  Although one need not be absolutely destitute to enjoy the benefit of IFP status, an application to proceed IFP is only sufficient if it indicates that the plaintiff truly cannot, because of poverty, afford to pay for the costs of litigation and still provide for herself and her dependents.  *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Plaintiff's motion to proceed IFP indicates that she has monthly expenses in the amount of approximately $1,015.  Yet Plaintiff does not identify any source of income, whether gifts or unemployment benefits or disability payments, in her motion.  Nor does Plaintiff provide the Court with her employment status.  Plaintiff indicates that the balance in her bank account is zero and that she has no asserts or debts.

---

[2] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status.  *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

Based on this information, the undersigned determined that Plaintiff would likely qualify for IFP status but that additional information was needed to confirm her entitlement to proceed without paying court costs. In an Order dated April 14, 2022 [#3], the undersigned ordered Plaintiff to supplement her IFP motion with an additional affidavit describing the amount of any monthly income she receives (including unemployment benefits). The undersigned warned Plaintiff that if she failed to provide the Court with the requested supplementation, her motion to proceed IFP would be denied and she would be required to pay the filing fee to proceed with this case. The deadline for Plaintiff to file the ordered supplementation was April 27, 2022.

On May 2, 2022, Plaintiff filed a supplement to her IFP motion [#4]. Instead of filing an affidavit as ordered, Plaintiff submitted her 2021 W2 and paycheck stubs reflecting her wages during 2022. This supplementation establishes that Plaintiff is employed by the Department of Defense and received $17,786.38 in compensation in 2021. Plaintiff's paycheck stubs from 2022 indicate that she is still employed and is receiving approximately $580 to $680 every other week. Although the Court did not receive this information by the ordered deadline for supplementation, the undersigned has considered Plaintiff's W2 and paycheck stubs in evaluating her motion to proceed IFP. Plaintiff's financial information demonstrates that she does not have sufficient monthly resources available to pay the filing fee, and the undersigned will grant the motion to proceed IFP.

Pursuant to the Court's October 8, 2019 Standing Order, the undersigned has also reviewed Plaintiff's proposed Complaint for frivolousness. Plaintiff sues the Defense Commissary Agency (her employer) and Reda Moxley under Title VII of the Civil Rights Act of 1964 for sexual harassment, discrimination, and retaliation. Plaintiff alleges that she is an African American and she suffered harassment and retaliation in April 2019, May 2019, May

2020, and January 2021. Plaintiff contends this harassment and retaliation are still being committed by Defendants. Attached to her Complaint are records from the Equal Employment Opportunity Commission ("EEOC") regarding her discrimination complaint filed on March 22, 2021. These documents describe the incidents underlying this suit in more detail.

      The EEOC decisions attached to Plaintiff's Complaint indicate that Plaintiff worked as a Sales Store Checker at the Defense Commissary Agency's commissary in Fort Sam Houston, Texas. Plaintiff's EEOC complaint alleged that on December 23, 2019, Reda Moxley, the Supervisory Store Associate at the commissary, complimented and hit Plaintiff's buttocks. (EEOC Decision [#1-1], at 9–10.) Additionally, Plaintiff complained that on April 21, 2020, Aretha Queen, Store Director, issued Plaintiff a "No Contact Order" and reassigned her to the Randolph Air Force Base Commissary. (*Id.*) The EEOC dismissed the complaint as untimely because Plaintiff failed to contact the EEO Office within 45 days of the most recent incident. (*Id.*) Plaintiff appealed the dismissal, arguing that her delay in contacting the EEOC was due to fear, intimidation, and complications of reporting. (*Id.* at 12–15.) The EEOC determined this reason was insufficient justification for failure to timely initiate contact with an EEO counselor. (*Id.*) Plaintiff requested reconsideration, and the EEOC affirmed its original decision. (*Id.* at 21–23.) Plaintiff timely filed this lawsuit within 90 days of the date of the EEOC's final administrative decision. *See* 42 U.S.C. § 2000e-5(f)(1).

      Having reviewed Plaintiff's proposed Complaint and the EEOC documents attached thereto, the undersigned finds that Plaintiff has asserted at least one non-frivolous claim against her employer, Defendant Defense Commissary Agency, although it may be time-barred. However, as explained in the EEOC's decision on reconsideration informing Plaintiff of her right to sue, the correct Defendant is not the Defense Commissary Agency but the official agency head

of the government agency at issue. (EEOC Op. [#1-1], at 22.) In this case, that is Lloyd J. Austin, III, in his Official Capacity as the Secretary of the Department of Defense. The Court therefore construes Plaintiff's claims against the Defense Commissary Agency as against the Department of Defense and finds that the Department of Defense should be served with this lawsuit. Nothing in this Order prevents the Department of Defense from asserting that the claims are time-barred or any other defense.

However, Plaintiff's Complaint should not be served on Reda Moxley. Title VII claims of discrimination, harassment, or retaliation may only proceed against employers, not supervisors or other employees. *See Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994) (only employers, not individuals acting in their individual capacity who do not otherwise meet the definition of "employers," can be liable under Title VII). Thus, the undersigned also recommends that Reda Moxley be dismissed from this lawsuit pursuant to 28 U.S.C. § 1915(e).

## II.  Orders and Recommendation

**IT IS THEREFORE ORDERED** that Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [#1-1] shall be filed by the Clerk without prepayment of fees, costs or the giving of security therefore, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiff.

**IT IS FURTHER ORDERED** that within ten (10) days of the date of this Order, Plaintiff shall submit to the Clerk's Office a fully completed United States Marshal Service Form 285, including fully complete addresses, for Lloyd J. Austin, III, in his Official Capacity as the Secretary of the Department of Defense, and the United States Marshal's Service shall serve the

Department of Defense with a copy of the Complaint and a copy of this order by certified mail, return receipt requested.

It is further **RECOMMENDED** that Reda Moxley be **DISMISSED** from this lawsuit.

### III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal

conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 10th day of May, 2022.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE