IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SHANNON BROWN, | § | |
| | § | |
| *Plaintiff,* | § | SA-22-CV-00349-OLG |
| | § | |
| vs. | § | |
| | § | |
| DEFENSE COMMISSARY AGENCY, | § | |
| | § | |
| *Defendant.* | § | |

## REPORT AND RECOMMENDATION AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Orlando L. Garcia:**

This Report and Recommendation and Order concerns Defendant's Motion to Dismiss [#18] and Plaintiff's Motion for Appointment of Counsel [#19]. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#21]. The undersigned therefore has authority to enter a recommendation on Defendant's motion to dismiss pursuant to 28 U.S.C. § 636(b)(1)(B) and authority to enter an order on Plaintiff's motion for the appointment of counsel pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, the undersigned will recommend that Defendant's motion to dismiss be granted. In light of the recommendation to grant Defendant's motion to dismiss, the undersigned will deny Plaintiff's motion for the appointment of counsel.

## I.  Background

This is an employment discrimination case arising under Title VII of the Civil Rights Act of 1964. Plaintiff Shannon Brown, proceeding *pro se*, initiated this lawsuit against her employer, the Defense Commissary Agency (DeCA), and Reda Moxley, by filing a motion to proceed *in*

*forma pauperis*. The undersigned granted the motion to proceed *in forma pauperis* and reviewed

Brown's Complaint for frivolousness under 42 U.S.C. § 1915(e).

The undersigned construed Brown's Complaint as alleging sexual harassment, race

discrimination, and retaliation under Title VII. The undersigned also reviewed the documents

attached to Brown's Complaint, which include records from the Equal Employment Opportunity

Commission ("EEOC") regarding Brown's discrimination complaint filed on March 22, 2021.

These records set forth the facts underlying Brown's alleged discrimination and harassment in

more detail.

Based on review of these documents, the undersigned concluded that the correct

Defendant in this case is not DeCA or Moxley but the official agency head of the government

agency at issue—Lloyd J. Austin, III, Secretary of the Department of Defense. (*See* EEOC Op.

[#1-1], at 22.) The undersigned ordered service of Brown's Complaint on the Department of

Defense. The undersigned also recommended the dismissal of Moxley from this action, as Title

VII claims of discrimination, harassment, or retaliation may only proceed against employers, not

supervisors or other employees. *See Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994)

(only employers, not individuals acting in their individual capacity who do not otherwise meet

the definition of "employers," can be liable under Title VII). In doing so, the undersigned noted

that it appeared possible that Brown's Title VII claims are time-barred due to a failure to exhaust

administrative remedies and noted that nothing in the order prevented the Department of Defense

from moving to dismiss on that basis.

The District Court accepted the undersigned's recommendation and dismissed Brown's

claims against Moxley and left the claims against the Department of Defense pending. Brown

then requested issuance of summons to DeCA (not the Department of Defense) and effectuated

service on the Attorney General of the United States and the U.S. Attorney for the Western

District of Texas in accordance with Rule 4(i) of the Federal Rules of Civil Procedure for service

on a governmental agency.

DeCA responded with the motion to dismiss currently before the Court, which seeks

dismissal of Brown's claims based on a failure to exhaust administrative remedies and for failure

to state any plausible claims under Title VII.[1]  In response Brown filed a motion requesting the

appointment of counsel and an advisory regarding the harassment she allegedly continues to

suffer [#20].  Approximately one month after filing her motion requesting counsel and her

advisory, Brown filed a second advisory containing over 100 pages of documents related to the

alleged discrimination and harassment [#22].  Brown has not filed a narrative response in

opposition to Defendant's motion.  The motion to dismiss is ripe for review.

## II.  Legal Standard Governing Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Id.*  "Although a complaint "does not need detailed factual allegations," the "allegations must be

enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  The

---

[1] The motion to dismiss was filed by DeCA, the agency served via the U.S. Attorney and Attorney General.  Although the undersigned determined that the Department of Defense, not DeCA, is the proper defendant in this suit, no formal substitution of parties occurred, and DeCA remains the sole remaining defendant in this action.  DeCA asserts this issue in a footnote in its motion but nonetheless accepted service and is proceeding as defendant.  The undersigned has therefore considered the motion and the arguments asserted therein.

allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

In reviewing a motion to dismiss under Rule 12(b)(6), a court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotation omitted). However, a Court need not credit conclusory allegations or allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678). In short, a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief. *See Twombly*, 550 U.S. at 570.

In ruling on a motion to dismiss, this Court is "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (emphasis added); *see also Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000) (defendants may attach documents to a motion to dismiss if the documents "are referred to" in the plaintiff's complaint and "are central" to her claim).

The primary argument raised in DeCA's motion to dismiss is that Brown failed to exhaust her administrative remedies prior to filing suit. "Because it is a mandatory claims processing rule, not a jurisdictional requirement, failure to exhaust administrative remedies under Title VII is an affirmative defense." *Lopez v. Kendall*, No. 22-50411, 2023 WL 2423473, at *1–2 (5th Cir. Mar. 9, 2023) (citing *Ft. Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1850–51 (2019)). "[D]ismissal under [R]ule 12(b)(6) may be appropriate based on a successful affirmative

defense," when the defense "appear[s] on the face of the complaint."  *EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank*, 467 F.3d 466, 470 (5th Cir. 2006); *see also Stevens v. St. Tammany Par. Gov't*, 17 F.4th 563, 571 (5th Cir. 2021).

### III.  Analysis

DeCA asks the Court to dismiss Brown's claims as time-barred due to her failure to exhaust administrative remedies.  To exhaust her administrative remedies prior to bringing a Title VII action in federal court, Brown was required to initiate contact with an EEO counselor within 45 days of the date of the matter alleged to be discriminatory.  29 C.F.R. § 1614.105(a)(1).  "Failure to notify the EEO counselor in a timely fashion may bar a claim" unless the claimant successfully asserts "a defense of waiver, estoppel, or equitable tolling." *Pacheco v. Rice*, 966 F.2d 904, 905 (5th Cir. 1992).

Brown asserts in her Complaint that she filed a charge of discrimination with the EEOC, received a determination, and was issued a right-to-sue letter from the EEOC on January 18, 2022.  (Compl. [#6], at 2.)  Attached to Brown's Complaint are various EEOC documents, including the following: (1) a letter from the EEOC dated March 22, 2021, acknowledging receipt of Brown's administrative complaint dated March 21, 2021; (2) a letter from the EEOC dated March 23, 2021, dismissing Brown's complaint as time-barred for failure to initiate contact with the EEOC within 45 days of the most recent discrimination incident underlying the complaint; (3) a letter from EEOC dated April 22, 2021, regarding the filing of Brown's appeal; (4) an EEOC decision dated August 3, 2021, affirming the dismissal of Brown's complaint; and (5) an EEOC decision dated January 18, 2022, denying Brown's request for reconsideration. (EEOC Docs. [#6], at 5–23.)

In evaluating DeCA's motion to dismiss for failure to exhaust, the undersigned has only considered Brown's Complaint and those EEOC documents attached to her Complaint. Brown's pleadings establish that her Title VII claims asserted in this case are time-barred. Brown's Complaint refers to incidents of discrimination occurring on April 10, 2019, May 16, 2019, December 23, 2019, May 29, 2020, and January 31, 2021. (Compl. [#6], at 2–3.) The materials Brown submitted with her Complaint indicate that her administrative complaint addressed two incidents: (1) an incident with Moxley on December 23, 2019, and (2) an incident with Aretha Queen on April 21, 2020. (EEOC Ltr. [#6], at 9–10.) Brown therefore had until June 6, 2020 (45 days after the latest incident of discrimination), to initiate contact with an EEO counselor. *See* 29 C.F.R. § 1614.105(a)(1). However, Brown waited until January 30, 2021, to contact the EEO office, over 280 days later. (EEOC Dismissal [#6], at 9–10.)

Brown's Complaint does not identify any discriminatory event occurring within the 45 days prior to her EEOC contact on January 30, 2021.[2] Brown's Title VII claims raised in this lawsuit are thus time-barred unless she can demonstrate that "she did not know and reasonably should not have [ ] known that the discriminatory matter or personnel action occurred." 29 C.F.R. § 1614.105(a)(2).

"This Circuit has . . . consistently focused on the date that plaintiff knew of the discriminatory act" for purposes of determining when the limitations period began to run. *Abels v. Braithwaite*, 832 Fed. App'x 335, 336 (5th Cir. 2020) (internal quotation and citation omitted). Brown has not made any argument that could justify extending the 45-day period either under Section 1614.105(a)(2) or another equitable doctrine, either before the EEOC or this Court. *See*

---

[2] Although Brown's Complaint also references an allegedly discriminatory incident that she claims took place on January 31, 2021, this incident is not (and could not) be addressed in her administrative complaint because the administrative complaint predates that incident. Thus, any discriminatory incidents that occurred after January 30, 2021, are unexhausted.

*Glover v. Dejoy*, No. SA-20-CV-01337-XR, 2021 WL 2401390, at *2 (W.D. Tex. June 11, 2021) (granting Rule 12(b)(6) motion where "Plaintiff does not assert any facts that directly or indirectly show an excuse of waiver, estoppel, or equitable tolling for his failure to report his 2016 schedule change to the EEO within the 45-day time limit."); *see also Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002) (affirming 12(b)(6) dismissal and rejecting equitable tolling argument).

In summary, Brown's Complaint and the EEOC documents attached to her Complaint affirmatively establish that her discrimination and her retaliation claims are unexhausted for failure to timely initiate EEO contact. Because DeCA's affirmative defense of failure to exhaust administrative remedies appears on the face of Brown's Complaint, the Court should grant DeCA's motion to dismiss and the Court need not consider DeCA's other arguments regarding the plausibility of Brown's Title VII claims on their merits.

In light of this recommendation, the undersigned will also deny Brown's motion for the appointment of counsel. The appointment of an attorney would not save Brown's claims from dismissal.

## IV.  Conclusion and Recommendation

Having considered the parties' motions, Brown's pleadings, and the governing law, the undersigned **recommends** that Defendant's Motion to Dismiss [#18] be **GRANTED** and Brown's claims be dismissed as time-barred.

**IT IS ALSO HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel [#19] is **DENIED.**

## V.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Objections are limited to no more than 20 pages unless leave of court is granted.  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED.**

SIGNED this 3rd day of August, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE